UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025 | |
| **ALLISON GORDON**, as Personal Representative of the Estate of **ROGER E. HAYNOS**, deceased, and on behalf of all Surviving Beneficiaries,<br><br>Plaintiff,<br><br>-v.-<br><br>AMERICAN AIRLINES INC.<br>1 SKYVIEW DR.<br>FORT WORTH, TX 76155<br><br>PSA AIRLINES, INC.<br>1 TERMINAL DR.<br>MIDDLETOWN, PA 17057<br><br>UNITED STATES OF AMERICA,<br>Pamela Bondi, in her official capacity as U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530-0001<br><br>Defendants. | Lead Case No: 1:25-cv-03382-ACR<br><br>**SHORT FORM COMPLAINT** |

ALLISON GORDON, as Personal Representative of the Estate of ROGER E. HAYNOS, deceased, and on behalf of all Surviving Beneficiaries, respectfully alleges as follows:

1

1. Plaintiff refers to and incorporates herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025, as though fully set forth herein. Plaintiff adopts the Master Complaint and agrees to be bound by any rulings with respect to the pleadings of the Master Complaint.

2. Plaintiff adopts each of the general allegations of the Master Complaint except for those paragraph numbers set for here, if any: N/A.

## CLAIMS AGAINST DEFENDANTS

3. Plaintiff brings those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

☒ AMERICAN AIRLINES, INC.

☒ PSA AIRLINES, INC.

☒ UNITED STATES OF AMERICA

4. Plaintiff incorporates by reference each of the Causes of Action in the Master Complaint checked below:

*As against AMERICAN AIRLINES, INC.:*

☒ First Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒ Second Cause of Action for Survival Based Upon Common Carrier Duty

☒ Third Cause of Action for Wrongful Death Based Upon Negligence

☒ Fourth Cause of Action for Survival Based Upon Negligence

*As against PSA AIRLINES, INC.:*

☒ Fifth Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒ Sixth Cause of Action for Survival Based Upon Common Carrier Duty

☒ Seventh Cause of Action for Wrongful Death Based Upon Negligence

☒ Eighth Cause of Action for Survival Based Upon Negligence

*As against UNITED STATES OF AMERICA:*

☒ Ninth Cause of Action for Wrongful Death Based Upon Negligence

☒ Tenth Cause of Action for Survival Based Upon Negligence

## PLAINTIFF'S INFORMATION:

5. Decedent, ROGER E. HAYNOS, is an individual who was killed in the crash of American Eagle Flight 5342 ("AE 5342") on January 29, 2025.

6. ROGER E. HAYNOS resided in Virginia.

7. Plaintiff ALLISON GORDON is a citizen and resident of Indiana.

8. Plaintiff ALLISON GORDON brings this lawsuit as Personal Representative of the Estate of ROGER E. HAYNOS, and on behalf of all Surviving Beneficiaries, including but not limited to EMILY HAYNOS.

9. On or about April 21, 2025, the Circuit Court of Arlington County, Virginia issued an order appointing Plaintiff ALLISON GORDON as Personal Representative of the Estate of ROGER E. HAYNOS. Therefore, she has standing to assert both wrongful death and survival claims on behalf of all beneficiaries of ROGER E. HAYNOS and brings this lawsuit in her representative capacity.

## PLAINTIFF'S ADMINISTRATIVE CLAIM

10. On or about June 25, 2025, Plaintiff ALLISON GORDON, as Personal Representative of the Estate of ROGER E. HAYNOS, deceased, and on behalf of all Surviving

Beneficiaries, as well as all individual claimants, served their initial administrative claims upon the Federal Aviation Administration ("FAA").

11. On or about June 25, 2025, Plaintiff ALLISON GORDON, as Personal Representative of the Estate of ROGER E. HAYNOS, deceased, and on behalf of all Surviving Beneficiaries, as well as all individual claimants, served their initial administrative claims upon the United States Army ("Army").

12. The USA:

- ☒ did not serve any formal response either accepting or denying any of the aforementioned claims within six months of filing, as set forth in 28 U.S.C. § 2675(a). This therefore constitutes a final denial of the claims entitling Plaintiff to file this complaint pursuant to 28 U.S.C. § 2675(a).

and/or

- ☐ the FAA denied Plaintiff's claims on _____, on behalf of both the FAA and the Army.

## PLAINTIFF'S DAMAGES

13. Plaintiff requests all available wrongful death and survival economic and non-economic damages in an amount according to proof at trial, including but not limited to the following:

- ☒ DECEDENT's unusual G-forces, physical injuries, conscious pain and suffering, mental anguish, emotional distress, fear of impending death, and other injuries and damages that ultimately caused his/her death;
- ☒ the loss of the gross earning power of the DECEDENT;

4

- ☒ the loss of the full value of the life of the DECEDENT;

- ☒ loss of the parental and/or familial relationship arising from the death of the DECEDENT;

- ☒ the loss of financial support and contribution of the DECEDENT;

- ☒ loss of services;

- ☒ loss of inheritance;

- ☒ loss of accumulations;

- ☒ full pecuniary loss of the DECEDENT;

- ☒ loss of past and future income, support, society, love, grief, consortium, solatium, services, guidance, care, comfort, and companionship of the DECEDENT;

- ☒ loss of life's pleasures;

- ☒ loss of enjoyment of life of the DECEDENT;

- ☒ mental anguish and mental pain and suffering that the heirs, beneficiaries, and distributees of the DECEDENT's Estate were caused to incur;

- ☒ other necessary and reasonable expenses as a result of the DECEDENT's death;

- ☒ attorneys' fees, costs, and other damages permitted under applicable laws;

- ☒ pre- and post-judgment interest on all damages as allowed by law;

- ☒ all costs of suit herein;

- ☒ such other and further relief as the Court shall deem just and proper;

☐    Other (specify):

## ADDITIONAL ALLEGATIONS, IF ANY

14.    ROGER E. HAYNOS was a devoted husband, father, and friend whose life was centered on family, faith, and community.  A lifelong Fairfax County, Virginia resident and a 1988 graduate of Annandale High School, he worked as a network engineer for Fairfax County Public Schools, where he was known as a reliable and skilled professional.  Roger and his wife, Stephanie, shared a deeply devoted marriage and grew their family through adoption, welcoming their daughter Emily and later their son Cory.  Roger was known for his humor, generosity, and unwavering support of his children, including Cory's figure-skating career, traveling frequently to practices, competitions, and training camps.  On January 29, 2025, Roger, Stephanie, and Cory were flying home together from the 2025 U.S. Figure Skating National Development Camp figure-skating camp in Kansas, when they all died tragically in this crash.

Roger was a supportive, caring and loving father to Cory and Emily.  He is survived by his daughter, Emily, who has lost not just her loving father, but her entire family in this tragedy.  Roger's death has caused Emily profound emotional and psychological harm, and she will carry their weight of her father's absence for the rest of her life.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: February 12, 2026

**KREINDLER & KREINDLER LLP**

By:   */s/ Vincent C Lesch*
      Vincent C. Lesch
      (Bar ID: NY0675)
      Brian J. Alexander

6

(Bar ID: NY0679)
Justin T. Green
(Bar ID: NY0692)
Anthony Tarricone
(Bar ID: 492480)
Daniel O. Rose
(applicant *pro hac vice*)
Evan Katin-Borland
(Bar ID: NY0674)
Erin R. Applebaum
(Applicant *pro hac vice*)
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 687-8181
balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com